**TAITANO_C.gar8**

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 04-00017 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CRISPIN ATALIG TAITANO, | ) | **MOTION FOR ENTRY OF ORDER OF GARNISHMENT** |
| Defendant, | ) | |
| BANK OF HAWAII, | ) | |
| Garnishee. | ) | |

Plaintiff, United States of America, respectfully requests the Court to enter the Order of Garnishment in this matter pursuant to 28 U.S.C. § 3205(c)(7). In support of this motion, the United States respectfully states to the Court the following:

1. On September 6, 2005, the District Court for the Northern Mariana Islands sentenced CRISPIN ATALIG TAITANO for violations of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(b)(1), Receipt of Child Pornography. As part of his sentence, TAITANO was ordered to pay a fine of $10,000 and a $100 special assessment fee, the sum of which ($10,100) was to be paid in $500 monthly installments over a 20-month period to commence 30 days after September 6, 2005. TAITANO was also ordered to serve a term of imprisonment of 60 months to be

followed by three years of supervised release, and to pay monthly cost of $1,933.80 for his imprisonment (or $116,028 = $1,933.80 x 60 months) and monthly cost of $287.73 for his supervised release (or $10,358.28 = $287.73 x 36 months).

  2. TAITANO has not paid the above-referenced debt as ordered and as reflected to date by his Payment History Table:

| Court Date Payment | Amount | Principal Balance | Interest Balance |
| --- | --- | --- | --- |
| 18-OCT-2005 | $500.00 | $9,500.00 | $28.26 |
| 01-JUN-2006 (3/06 BOP)[1] | $100.00 | $9,400.00 | $167.45 |
| 28-JUN-2006 (4/06 BOP) | $100.00 | $9,300.00 | $200.90 |
| 02-JUN-2006 (5/06 BOP) | $100.00 | $9,200.00 | $229.13 |
| 10-JUL-2006 (6/06 BOP) | $100.00 | $9,100.00 | $261.87 |
| 02-AUG-2006 (7/06 BOP) | $100.00 | $9,000.00 | $289.49 |
| 06-SEP-2006 (8/06 BOP) | $100.00 | $8,900.00 | $315.86 |
| 05-OCT-2006 (9/06 BOP) | $100.00 | $8,800.00 | $349.39 |
| 02-NOV-2006 (10/06 BOP) | $100.00 | $8,700.00 | $374.26 |
| 04-DEC-2006 (11/06 BOP) | $100.00 | $8,600.00 | $399.75 |
| 08-JAN-2007 (12/06 BOP) | $100.00 | $8,500.00 | $430.35 |
| 02-FEB-2007 (1/07 BOP) | $100.00 | $8,400.00 | $456.15 |
| 05-MAR-2007 (2/07 BOP) | $150.00 | $8,250.00 | $486.04 |
| 05-APR-2007 (3/07 BOP) | $150.00 | $8,100.00 | $510.22 |
| 03-MAY-2007 (4/07 BOP) | $150.00 | $7,950.00 | $535.65 |

Interest and penalties accrue on any unpaid fine balance. 18 U.S.C. § 3612(f) and (g). TAITANO has defaulted on his criminal monetary obligations and the entire unpaid balance, including interest and penalties, of his debt is due. 18 U.S.C. § 3572(i).

  3.  On March 16, 2007 the United States filed an Application for Writ of Garnishment against the Garnishee - Bank of Hawaii, a banking institution. The Writ of Garnishment issued on March 23, 2007 and ordered that Garnishee answer whether it had in its custody, control or possession any personal property belonging to and due TAITANO (Defendant-Debtor).

//

//

//

//

---

[1]. "BOP" refers to payments received from TAITANO through the U.S. Bureau of Prisons.

1    4.   On about April 17, 2007, the Garnishee filed an Answer and stated that at the time of the service of the Writ it had in its possession or under its control property in which the Defendant maintains an interest, i.e., (1) funds deposited in Savings Account No. XXXX-XX7619 of approximately $21,484.66;  (2) funds deposited in Savings Account No. XXXX-XX8753 of approximately $13,984.24; and  (3) funds deposited in TCD Account No. XXXXXX2224 of approximately $63,160 [of which an amount of $38,603.16 is bank collateral]. On about April 30, 2007, the Garnishee filed an Amended Answer and clarified that (1) funds deposited in Savings Account No. XXXX-XX7619 of approximately $21,484.66 plus subsequent deposits belongs solely to TAITANO;  (2) funds deposited in Savings Account No. XXXX-XX8753 of approximately $13,984.24 belongs solely to TAITANO; and (3) of funds deposited in TCD Account No. XXXXXX2224 of approximately $63,160 - the amount of $38,603.16 is bank collateral and an amount of approximately $24,556.84 belongs solely to TAITANO.  The Garnishee holds property belonging to TAITANO in the total principal amount of $60,025.74 (the sum of $21,484.66 + $13,984.24 + $24,556.84), plus accrued interest and subsequent deposits.

5.   The defendant was served on March 23, 2007 with a copy of the Writ of Garnishment and notified of his right to a hearing.  The defendant was served on April 17, 2007, and April 30, 2007, with a copy of the Answer of the Garnishee and Amended Answer of the Garnishee, respectively.  The defendant has not filed a response to the Notice of Garnishment served on him on March 23, 2007; has not claimed any exemption of the garnished property; and has not requested a hearing to determine exempt property.

6.   Title 28, U.S.C., § 3205(c)(7) states:

> After the garnishee files an answer and if no hearing is requested within the required time period, the Court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in such property.  If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon after as is practicable.

7. As set forth in the Writ of Garnishment, the amount of the debt due totals $135,149.09, as of March 15, 2007. The United States respectfully requests that the Court enter an Order of Garnishment against TAITANO in the principal amount of $60,025.74, plus accrued interest and any subsequently deposited funds for partial satisfaction of his criminal debt. The United States further requests a continuing garnishment order for Fifty percent (50%) of each future deposit from the Northern Mariana Islands Retirement Fund or ACH (Automated Clearing House) into Savings Account No. XXXX-XX7619 to remain in effect until satisfaction of the debt.

WHEREFORE, all conditions to the issuance of an Order in Garnishment against the non-exempt property of the defendant are fully satisfied. The United States respectfully requests that an Order of Garnishment be entered directing Bank of Hawaii as to the disposition of the defendant's property in its custody, possession, or control.

DATED this 9th day of May, 2007.

LEONARDO M. RAPADAS  
United States Attorney  
Districts of Guam and the NMI

By: /s/ Marivic P. David  
MARIVIC P. DAVID  
Assistant U.S. Attorney  
marivic.david@usdoj.gov