```
                                          F I L E D
                                             Clerk
                                          District Court

                                          JUL 1 0 2007

                                     For The Northern Mariana Islands
                                     By_____
                                              (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | Criminal No. 04-00017 |
|---|---|---|
| | ) | Civil No. 06-0039 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER AFFIRMING |
| | ) | ORDER OF GARNISHMENT |
| CRISPIN ATALIG TAITANO, | ) | |
| | ) | |
| Defendant | ) | |

On May 10, 2007, this court entered an order of garnishment in Criminal No. 04-00017. On May 16, 2007, it entered an order granting plaintiff's motion for voluntary dismissal with prejudice. Together, those orders set out the legal basis for the garnishment.

On May 22, 2007, the court received three documents from defendant, one of which was a motion to stop the garnishment. In his filings, defendant acknowledged that he had "received written documentation concerning this matter but never

AO 72
(Rev. 08/82)

opened the mail because this defendant is not an attorney and would not understand the information." He also stated that "the proceedings...have taken place without defendant's knowledge," although if this was true it was only because defendant chose not to open his mail.

Giving the defendant the benefit of the doubt, the court supplied defendant with another exemption claim form and allowed him thirty (30) days to fill it out and return it, at which point the court would re-visit its order of May 10, 2007, if it appeared justified in light of the information supplied on the exemption claim form.

On June 5, 2007, the court received a written request from defendant for a six-week extension to "have the time necessary to research all of his rights on this matter." The court granted defendant a 28-day extension from June 5, 2007, to allow him to complete and return the exemption form. The court noted that the "form is straightforward and should not require more than a few minutes to complete and return." Defendant was admonished that if he did not return the properly completed form to the court within the additional time given to him, the court would decide any remaining matters without taking into account any further information defendant could supply by completing the form.

On July 6, 2007, the court received "Defendant's Response Concerning Exemption Form." The "response" does not comply with the court's previous orders. Defendant has failed and refused to take advantage of the several

opportunities given to him, post-order of garnishment, to claim any exemptions to which he feels he is legally entitled. Moreover, to the extent that defendant's "Response" complains about his sentence, defendant was sentenced in accordance with his plea agreement, which also provided that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or 2241, any sentence within or below the stipulated sentencing range set forth above[.]" <u>Plea Agreement</u>, p. 6, ¶ 12. Finally, the dollar range of the fine was known to defendant as it was also included in the plea agreement. *Id.*, p. 3, ¶ 2(h). Accordingly,

IT IS ORDERED that the court will not amend or alter its order of May 10, 2007, and both the criminal and civil files are hereby closed.

DATED this 10th day of July, 2007.

_____
ALEX R. MUNSON
Judge