LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CRISPIN ATALIG TAITANO, ) <br> ) <br> Defendant, ) <br> _____ ) <br> ) <br> NORTHERN MARIANA ISLANDS ) <br>   RETIREMENT FUND (NMIRF) ) <br> ) <br> Garnishee. ) <br> _____ ) | CRIMINAL CASE NO. 04-00017 <br><br> **UNITED STATES OF AMERICA'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO GARNISHEE'S OBJECTION TO WRIT OF CONTINUING GARNISHMENT** |

Plaintiff United States of America, pursuant to 18 U.S.C. § 3613 and the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, seeks to garnish Defendant Crispin A. Taitano's retirement pension in the custody, control, or possession of the Garnishee Northern Mariana Islands Retirement Fund for the purpose of satisfying Defendant's outstanding criminal judgment. The FDCPA provides the exclusive procedures for the government to recover a judgment on a debt, and includes within its definition of "debt" an amount owing to the government on account of a fine. 28 U.S.C. §§ 3001(a)(1) and 3002 (3)(B).

This matter is before the Court on the Garnishee's objection and claim of exemption to a garnishment execution filed by the United States to garnish the retirement pension of Defendant which the government seeks to have applied as payments towards his criminal debts.

I.

FACTS

1.  Pursuant to the Judgment and Commitment Order entered on September 6, 2005, Defendant Taitano plead guilty to one count of receipt of child pornography, 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(b)(1), and was sentenced to 60 months imprisonment with three years supervised release. The Court imposed an assessment fee of $100, a $10,000 fine, and ordered Defendant to pay a monthly cost of $1,933.80 for his imprisonment and a monthly cost of $287.73 for his supervised release. [Docket # 75]

2.  The United States filed the instant Application for Writ of Continuing Garnishment against the Defendant and the Garnishee Northern Mariana Islands Retirement Fund pursuant to 28 U.S.C. § 3205 on August 10, 2007. [Docket # 102]

3.  The Garnishee filed its Answer of the Garnishee on September 10, 2007, and stated it had in its custody, control or possession a lifetime retirement pension belonging to the Defendant which is paid semi-monthly in the amount of $1,697.00. [Docket # 116] In its Answer, however, the Garnishee objected to the garnishment and claimed an exemption on the part of Defendant. In No. 6 and No. 7 of its Answer, the Garnishee raised the following objection:

> By virtue of 1 CMC Section 8383(a) of the Northern Mariana Islands Retirement Fund Act of 1988, . . . . [t]he right to a retirement annuity, disability annuity, survivor's annuity or benefit, death benefit, or any other benefit under the provisions of this part, by whatever name called, or the right to refund, is personal with the recipient thereof, and the assignment or transfer of a benefit or any part thereof, shall be voided, except as herein provided; any such annuity, benefit or refund shall not answer for debts contracted by the person receiving the same, except as herein provided. It is the intention of this part that they shall not be attached or affected by any judicial proceedings, except as herein provided.

4.  The Defendant, on September 7, 2007, claimed the following exemptions on No. 1, No. 5, and No. 6 on the Claim for Exemption Form: [Docket # 114]

> Wearing apparel and school books - - Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family;
>
> Undelivered mail - - Mail, addressed to any person, which has not been delivered to the addressee; and

>   Certain annuity and pension payments - - Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under Chapter 78 of Title 10 of United States Code.

5.   The balance due from the Defendant on the criminal judgment as of August 9, 2007, is $ 73,174.09 which consists of the cost of incarceration and the cost of supervision.

## II.

## ARGUMENT

A.   <u>Federal Law Permits the United States to Garnish on Retirement Pension Assets to Recover A Criminal Debt</u>

The Defendant's retirement pension funds are legally subject to the garnishment sought by the United States. The costs for imprisonment and supervised release are criminal fines that the Defendant has been ordered to pay. 18 U.S.C. § 3572(a)(6); and U.S.S.G. § 5E1.2(d)(7).

In seeking the writ of continuing garnishment, the government is proceeding under 18 U.S.C. § 3613(a), part of the Mandatory Victims Rights Act ("MVRA"), which states the following:

>   The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that . . . .
>
>   (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
>   (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
>   (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.
>
>   For criminal debts, the categories of exempt property are:
>
>   (1)   wearing apparel and school books;
>
>   (2)   fuel, provisions, furniture, and personal effects worth no more than $6,250 in value;

- 3 -

(3)     books and tools of a trade, business or profession;

(4)     unemployment benefits;

(5)     undelivered mail;

(6)     certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service;

(7)     workman's compensation;

(8)     judgments for support of minor children;

(10)    certain service-connected disability payments; and

(12)    assistance under the Job Training Participation Act.

26 U.S.C. § 6334(a)(1)-(8), (10), and (12).

None of these exemptions apply to the Defendant's retirement pension funds held by the Garnishee. Congress specifically excluded from exemption general retirement pensions from the list of available exemptions under 18 U.S.C. § 3161(a).

### B.     The Provision of 1 CMC § 8383(a) Does Not Preclude the United States from Garnishing Retirement Pension Assets

The Garnishee asserts that the Defendant is entitled to the protection of 1 CMC § 8383(a) in support of its objection to garnishment of Defendant's retirement annuity. The FDCPA specifically provides that:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a).

By its terms the FDCPA applies not only to the states but also to the Commonwealth of the Northern Marianas. The terms - - debtor, garnishee, judgment, person, and State - are defined as follows:

a. "Debtor" means a person who is liable for a debt or against whom there is a claim for a debt, 28 U.S.C. § 3002(4);

b. "Garnishee" means a person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a

- 4 -

  substantial nonexempt interest . . . and against whom a garnishment under section 3104 or 3205 is issued by a court,  28 U.S.C. § 3002 (7);

c. "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt, 28 U.S.C. § 3002(8);

d. "Person" includes a natural person . . . or any other public or private entity, including a State or local government . . . . 28 U.S.C. § 3002 (10);

e. "State" means any of the several States, . . . the Commonwealth of the Northern Marianas, or any territory or possession of the United States,  28 U.S.C. § 3002 (14).

Contrary to the Garnishee's claim, 1 CMC § 8383(a) of the Northern Mariana Islands Retirement Fund Act of 1988 does not protect the Defendant's retirement pension from federal garnishment. Since this garnishment is being sought pursuant to federal law, any other exemptions that might be available under state law garnishment do not apply here. See generally, The Paul Revere Insurance Group etal. v. United States, 2007 WL 2445942, ___ F3d ___, (9th Cir. August 30, 2007).

Moreover, Section 102 of the Covenant[1] of the CNMI states that "[t]he relations between the Northern Mariana Islands and the United States will be governed by this Covenant which, together with those provisions of the Constitution, treaties and laws of the United States applicable to the Northern Mariana Islands, will be the supreme law of the Northern Mariana Islands." Covenant, art. I, § 102. Thus, in this case, the federal garnishment should control.

Even if the Defendant's retirement pension were considered to be part of a qualified pension plan protected under the Employment Retirement Income Security Act of 1974 ("ERISA"), the Ninth Circuit has held that ERISA plans are subject to garnishment to satisfy a criminal debt. United States v. Novak, 476 F.3d 1041, 1047-1049 (9th Cir. 2007)(en banc) (ERISA retirement accounts are not exempt property and provisions of 18 U.S.C. § 3613(a) supersede the non-alienation provisions of ERISA ). See also, United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006)(ERISA pension plans are not exempted from payment of criminal fines);

---

[1] Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States, (the full text of the Covenant is set out in the notes to 48 U.S.C. § 1801).

United States v. Rice, 196 F.Supp.2d 1196, 1200-1202 (N.D.Okla 2002) (same).

Accordingly, the Garnishee's assertion that 1 CMC Section 8383(a) protects the Defendant's retirement funds from garnishment here is without merit, and should be rejected as a matter of law.

    C.    <u>The Exemption Claims Raised by the Defendant Do Not Apply to the Garnishment of His Retirement Pension</u>

In response to the Writ of Continuing Garnishment, the Defendant claimed that his property is exempt from garnishment because it consists of: wearing apparel and school books; undelivered mail; and certain annuity and pension payments related to the Railroad Retirement Act or Military Service. Clearly, the defendant's exemption claims are without merit. The only property sought by the garnishment here are retirement funds held by the Garnishee Northern Mariana Islands Retirement Fund. The garnished property does not fall within any of the categories of exempt property claimed by the Defendant. Thus, this Court should reject the Defendant's exemption claims in their entirety.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff United States respectfully requests that the Court enter a final order of continuing garnishment directing the Garnishee Northern Mariana Islands Retirement Fund as to the disposition of the garnished property until full satisfaction of the Defendant's criminal debts.

DATED this 21st day of September 2007.

                      LEONARDO M. RAPADAS  
                      United States Attorney  
                      Districts of Guam and the NMI

          By:    /s/ Marivic P. David  
                  MARIVIC P. DAVID  
                  Assistant U.S. Attorney  
                  marivic.david@usdoj.gov