F I L E D
Clerk
District Court

NOV -1 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Criminal No. 04-00017 |
| ) | | |
| Plaintiff ) | | |
| ) | | ORDER DENYING OBJECTION |
| v. ) | | TO WRIT OF CONTINUING |
| ) | | GARNISHMENT RE: |
| CRISPIN A. TAITANO, ) | | NORTHERN MARIANA ISLANDS |
| ) | | RETIREMENT FUND |
| Defendant ) | | |
| ) | | |

THIS MATTER came before the court on defendant's claim of exemption and objection to the garnishment of defendant's bi-monthly pension payments through the Northern Mariana Islands Retirement Fund. Plaintiff appeared by and through Assistant U.S. Attorney Marivic P. David; defendant appeared pro se by telephone from FCI Safford, Arizona.

AO 72
(Rev. 08/82)

THE COURT, having considered the oral and written filings of both parties, rules as follows:

On March 29, 2007, defendant was provided by plaintiff with an exemption form and instructions on how to claim exemptions from garnishments. Defendant never completed and returned the form.

On May 21, 2007, the court received three motions from defendant: (1) to be allowed to file documents with the court, (2) for appointment of counsel, and (3) to stop the garnishment of his account at Bank of Hawaii. By order dated May 22, 2007, the court denied the motions and sent defendant another exemption claim form.

On June 4, 2007, the court received from defendant a motion for a six-week extension of time to file the exemption form so that he would "have the time necessary to research all of his rights on this matter." By order dated June 5, 2007, the court partially granted defendant's motion and gave him a 28-day extension to fill out and return the claim of exemption form.

On July 6, 2007, the court received "Defendant's Response Concerning Exemption Form," which objected to any garnishment as unconstitutional. Defendant did not complete and return the exemption form. By order dated July 10, 2007, the court reaffirmed its May 10, 2007, order of garnishment of the Bank of Hawaii.

On August 13, 2007, the court granted plaintiff's motion for a writ of continuing garnishment, directed towards defendant's account at the Northern Mariana Islands Retirement Fund (NMIRF).

In early September, 2007, the court received letters and motions from defendant requesting a hearing on the NMIRF garnishment. By order dated September 10, 2007, the court ordered defendant to submit an affidavit in support of his claimed exemptions from garnishment, since defendant had never done so.

On September 12, 2007, the court received a 28 U.S.C. § 2255 motion from defendant. By order dated September 13, 2007, the motion was denied as untimely, having been filed well more than a year after defendant's sentence became final upon his voluntary dismissal of his appeal at the U.S. Court of Appeals for the Ninth Circuit.

On September 18, 2007, the court ordered plaintiff United States to file a response to garnishee NMIRF's claim of exemption on defendant's behalf. On September 21, 2007, plaintiff filed a memorandum of law in support of its right to garnish defendant's NMIRF fund.

On October 16, 2007, the court set a hearing on defendant's objection to the garnishment. On October 19, 2007, the court granted defendant's motion for a copy of his plea agreement and transcript of his sentencing hearing. Those items were sent to him by U.S. Priority Mail that same day and he acknowledged on the record having

received them several days before the hearing which is the subject of this order.

Defendant never responded to the legal arguments made in plaintiff's memorandum of law filed in this court on September 21, 2007. The costs of imprisonment and supervised release are part of the criminal fines which defendant was ordered to pay. 18 U.S.C. § 3572(a)(6). Plaintiff is seeking to collect defendant's total fine under 18 U.S.C. § 3613(a) of the "Mandatory Victims Rights Act," using the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301-3308. Under 18 U.S.C. § 3613(a), plaintiff may use either state or federal law to enforce its judgment, except for specific named exemptions which do not apply here. General retirement pensions, such as defendant's, were excluded by Congress from the list of exemptions available under federal law. 18 U.S.C. § 3613(a). Further, and as a general statement of the law, federal garnishment law preempts state law exemptions, unless the federal government chooses to proceed under state statutes. *See* Fed.R.Civ.P. 69(a) (the procedure to execute a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held...*except that any statute of the United States governs to the extent that it is applicable.*" (emphasis added)); The Paul Revere Ins. Group v. United State, 2007 WL 2445942, ___ F.3d ___ (9th Cir. Aug. 30, 2007) (examining the distinction between United States proceeding under state or federal law to execute on a judgment). Here, plaintiff is proceeding under federal law, and not Commonwealth law. Finally, to the extent that defendant's pension might be

considered a qualified pension plan under the Employment Retirement Income Security Act (and there has been no claim that his retirement pension is such a qualified pension plan), it still would not be exempt from garnishment pursuant to the "Mandatory Victims Rights Act." *See e.g.* United States v. Novak, 476 F.3d 1041, 1047-49 (9th Cir. 2007) (*en banc*).

At the hearing, defendant argued against the garnishment, not on legal grounds, but on the grounds that his wife has abandoned him and that he is neither able to help his two adult daughters with their post-graduate education nor to help with his mother's living expenses if his NMIRF account is garnished. He presented no evidence in support of any of these assertions but, more to the point, this hearing was limited to the legality of the garnishment itself and not to collateral consequences flowing from defendant's criminal conduct and convictions. Accordingly,

IT IS ORDERED that the court's order of August 13, 2007, authorizing the issuance of a writ of continuing garnishment to garnishee Northern Mariana Islands Retirement Fund be and hereby is re-affirmed. Garnishee shall remit to plaintiff, as, how, and when directed by plaintiff, funds held in the custody, control, and possession of garnishee Northern Mariana Islands Retirement Fund, said funds held

in the name of Crispin Atalig Taitano, until there has been full satisfaction of defendant's obligations imposed by law which, as of August 9, 2007, amounted to $73,174.09.

DATED this 1st day of November, 2007.

*Alex R Munson*
ALEX R. MUNSON
Judge